UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Lisa Renee Lattman,                    Case No.: 17-45915
                                              Chapter 7
       Debtor.                         Hon. Mark A. Randon
_____/

Suburban Mobility Authority for Regional
Transportation ("SMART"),

       Plaintiff,

v.                                                    Adversary Proceeding
                                                    Case No.: 17-04686
Lisa Renee Lattman,

       Defendant.
_____/

## **OPINION AND ORDER DENYING DEBTOR'S MOTION TO DISMISS**

**I.**     **INTRODUCTION**

Before filing bankruptcy, Debtor sued Suburban Mobility Authority for Regional Transportation ("SMART"). Debtor claimed to have suffered neck, back, and shoulder injuries while aboard a SMART bus involved in an accident; SMART argued that Debtor did not–and could not have–suffered those injuries.

After a trial, the jury returned a verdict of "No Cause of Action." SMART received a $150,000.00 judgment against Debtor for case evaluation sanctions; it collected $30,109.80 before Debtor filed Chapter 7 bankruptcy.

SMART seeks a determination that the debt is nondischargeable, because it arose

1

from fraud. But despite its best efforts, SMART's adversary proceeding was untimely. Debtor has moved to dismiss; the Court heard argument on December 4, 2017.

Because Federal Rule of Bankruptcy Procedure 4007(c)'s deadline to challenge dischargeability is not jurisdictional–and given the circumstances that prevented a timely filing–the Court: (1) exercises its authority under section 105(a) of the Bankruptcy Code to equitably toll the deadline; and (2) allows SMART's adversary proceeding to continue–notwithstanding the general order of discharge that remains in place for all other creditors. Debtor's motion to dismiss is **DENIED**.

## II. PROCEDURAL HISTORY

Debtor filed bankruptcy on April 19, 2017; the 341 Meeting of Creditors was set for May 25, 2017. Under Rule 4007(c), the deadline for filing a complaint to determine the dischargeability of a debt was July 24, 2017–60 days after the first date set for the meeting of creditors. However, before July 24, 2017, Debtor and the Chapter 7 Trustee agreed to an extension–by stipulation and order–to August 7, 2017.

On July 24, 2017, SMART filed a complaint in Debtor's main bankruptcy case seeking a ruling that the debt is nondischargeable. The Court struck the complaint because it was not filed as an adversary proceeding.

SMART corrected its error and filed an adversary proceeding on July 25, 2017–one day after the original deadline–but well before the August 7, 2017, extension.[1]

---

[1] This adversary proceeding was assigned case number 17-04536.

SMART's counsel represented to the Court that: (1) the complaint was mailed to Debtor at the River Rouge address listed on her bankruptcy papers; (2) its process server unsuccessfully attempted to serve Debtor at the River Rouge address but was informed that she had moved approximately four months earlier;[2] and (3) its process server unsuccessfully attempted to serve Debtor at an address in Wyandotte.[3] Because service was not made within seven days after the summons was issued, the Court dismissed the adversary proceeding on August 15, 2017.[4] Debtor simultaneously received her discharge; the case was closed on August 18, 2017.

On August 25, 2017, SMART filed a motion to reopen Debtor's bankruptcy case. The Court granted the motion and gave SMART until November 9, 2017, to file an adversary proceeding.[5] It did so on September 26, 2017.

### III. APPLICABLE LAW AND ANALYSIS

---

[2] Fed. R. Bank. P. 4002(a)(5) requires debtors to "file a statement of any change of . . . address." To date, Debtor has not updated her address.

[3] Attached to SMART's response are two Affidavits of Non-Service signed by the process server. The first Affidavit indicates that he attempted to serve Debtor at the Wyandotte address on July 27, 2017; July 28, 2017; August 3, 2017; and August 4, 2017. The second Affidavit indicates that he attempted to serve Debtor at the River Rouge address on July 27, 2017, but "spoke with Ashley Mears who stated that she moved[] about four months ago and that [Debtor] was the previous resident." (Dkt. No. 23, Ex. 3). Debtor's counsel did not contest the representations to the Court regarding SMART's efforts to serve Debtor.

[4] Counsel indicated at the hearing that he did not believe it was appropriate to file a proof of service knowing Debtor no longer resided at the River Rouge address.

[5] In granting SMART's motion to reopen, the Court preserved Debtor's ability to file a motion to dismiss based on untimeliness.

Rule 4007(c) sets a 60-day deadline to file a complaint challenging the dischargeability of a debt:

> a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a) . . . . On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Absent an extension, the deadline for SMART to file a complaint was July 24, 2017. But a stipulation and order was entered, extending the deadline to August 7, 2017. Debtor's motion raises two issues for the Court to decide: (1) did the stipulation extending the deadline apply to SMART?; and (2) should equitable tolling apply to permit SMART's otherwise untimely complaint?

### A. The Deadline Extension Applied to SMART

Debtor argues that because the stipulation extending the deadline was made with the Chapter 7 Trustee, it did not apply to SMART. This meant SMART was still required to file its complaint by the original July 24, 2017, deadline (which it missed by one day). The Court disagrees. The stipulation provides, in pertinent part:

\* \* \*

> 3. That the deadline to file a complaint objecting to the discharge of the Debtor(s) under 11 U.S.C. §727 or to determine the dischargeability of certain debts under 11 U.S.C. §523 is extended until August 7, 2017.

(Dkt. No. 13). Trustees are prohibited from filing complaints under section 523. *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1169-70 (6th Cir. 1996); *see also* Rule 4007(a)

4

("*[a] debtor or any creditor* may file a complaint to obtain a determination of the dischargeability of any debt.") (Emphasis added). Therefore, the part of the stipulation extending the deadline under section 523 applied to all creditors. *See In re Brady*, 101 F.3d at 1170 ("a Chapter 7 bankruptcy trustee has standing under Rule 4007(c) to move for an extension of time on behalf of creditors to file nondischargeability complaints").

### B. *The Circumstances Justify the Application of Equitable Tolling*

Although SMART filed its complaint before the extended deadline for taking action under Rule 4007(c), its complaint was dismissed for lack of service. This dismissal would, ordinarily, prohibit SMART from filing another timely complaint after the August 7, 2017, deadline. *See* Federal Rule of Bankruptcy Procedure 9006(a)(3) ("[t]he court may enlarge the time for taking action under Rule[] . . . 4007(c) . . . only to the extent and under the condition stated in [that] rule[]"). However, the Sixth Circuit has held that the time limits in Rule 4007(c) are not jurisdictional, and the Court has discretion to use its equitable powers under section 105(a) to allow an otherwise untimely complaint. *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 341-44 (6th Cir. 2003); *see also In re Doyne*, 520 B.R. 566, 570 (B.A.P. 6th Cir. 2014) (finding the bankruptcy court "applied the correct legal standard . . . (i.e. treating the relevant deadline as non-jurisdictional and subject to equitable tolling")).

The Court considers five factors in determining whether to equitably toll a deadline: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of

5

prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *In re Maughan*, 340 F.3d at 344 (quotation omitted).[6] SMART does not allege that it was unaware of the filing deadline; therefore the Court's inquiry focuses on "the diligence used by [SMART] in pursuing its rights and the resulting prejudice, if any, to the defendant." *Id.* (quoting *First Bank Sys. v. Begue (In re Begue)*, 176 B.R. 801, 804 (Bankr. N.D. Ohio 1995)).

After considering these factors, the Court equitably tolls the deadline. SMART was diligent in pursuing its rights–only ten days elapsed between the dismissal of SMART's complaint and its motion to reopen. This was not an unreasonable delay. And, SMART's inability to serve its timely-filed complaint was caused by Debtor's failure to update her address and possible evasion of service. Finally, allowing SMART to proceed will not prejudice Debtor: her discharge remains in place as to all other creditors, and she will have an opportunity to defend SMART's complaint.

The fact that Debtor already received her discharge order is of no moment. Section 105 allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Court

---

[6]There is some question regarding whether the United States Supreme Court overruled the five-factor analysis when it held that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Here, the outcome is the same whether one looks to *In re Maughan* or *DiGuglielmo*: SMART diligently pursued its rights, but Debtor's actions impeded a timely filing.

allows SMART's complaint to proceed and will determine whether this debt, *only*, will be excepted from Debtor's discharge.

## IV. CONCLUSION

Extraordinary circumstances justify the application of equitable tolling. Debtor's motion to dismiss is **DENIED**.

**IT IS ORDERED**.

**Signed on December 08, 2017**



/s/ Mark A. Randon
**Mark A. Randon**
**United States Bankruptcy Judge**